

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*  *(203)821-3700*
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

**August 29, 2025**

Richard C.H. Marquette, Esq
Goldblatt, Marquette & Rashba, PC
60 Washington Ave
Hamden, CT 06518

Re:   United States v. Diego Ezequiel Garro
      Case No. 24-cr-192-KAD

Dear Attorney Marquette:

This letter confirms the plea agreement between your client, Diego Ezequiel Garro (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to counts one, two, five, and six of the indictment each charging a violation of 18 U.S.C. § 933(a)(2) and 933(b) (firearm trafficking), as well as counts three and seven of the indictment each charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (possession with intent to distribute and distribution of controlled substances).

The defendant understands that, to be guilty of the offenses charged in counts one, two, five, and six, the following essential elements must be satisfied:

1. That the defendant knowingly received a firearm from another person;

2. That the receipt of the firearm was in or otherwise affecting interstate commerce; and

3. That the defendant knew or had reasonable cause to believe that receipt would constitute a felony

Richard C.H. Marquette, Esq.
Page 2

The defendant understands that, to be guilty of the offense charged in counts three and seven, the following essential elements must be satisfied:

1. That the defendant knowingly possessed with intent to distribute and distributed one or more controlled substances; and

2. The defendant knew the substance was a controlled substance.

## **THE PENALTIES**

Counts One, Two, Five, and Six

    Imprisonment

The offense charged in these counts carry a maximum penalty of 15 years of imprisonment.

    Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per revocation pursuant to 18 U.S.C. § 3583(e)(3) with no credit for time already spent on supervised release.

    Fine

Under 18 U.S.C. § 3571, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense or twice the gross loss resulting from the offense, whichever is greater, or (2) $250,000.

Counts Three and Seven

    Imprisonment

The offense charged in these counts carries a maximum penalty of 20 years of imprisonment.

    Supervised Release

In addition, the Court may impose a term of supervised release of not less than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per revocation pursuant to 18 U.S.C. § 3583(e)(3) with no credit for time already spent on supervised release.

*Richard C.H. Marquette, Esq.*
*Page 3*

Fine

Under 18 U.S.C. § 3571, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) $1,000,000 or (2) twice the gross gain to the defendant resulting from the offense or twice the gross loss resulting from the offense, whichever is greater.

Penalties Common to All Counts

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request.

Forfeiture

Pursuant to 18 U.S.C. §§ 924(d), 934 and 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States his interest in the property described herein, which includes the firearms ~~charged in count two of the indictment as well as other related firearms:~~ *referenced in the indictment:* DG JTP DG

| Purchase Date | Firearm |
|---|---|
| December 30, 2022 | Glock model 43X semi-automatic pistol, Serial No. BYWV816 |
| January 3, 2023 | Glock model G19 Gen5 semi-automatic pistol, Serial No. BYMR008 |
| January 8, 2023 | Glock model 19 semi-automatic pistol, Serial No. BWRN048 |
| January 9, 2023 | Glock model 29 Gen4 semi-automatic pistol, Serial No. BXAV590<br><br>Glock model 30 Gen4 semi-automatic pistol, Serial No. BYGN937 |

and all related ammunition associated with these firearms.

The defendant agrees to waive all interests in the firearm*s* and ammunition described above ("the forfeitable assets"), in any administrative or judicial forfeiture proceeding, whether criminal *DG JTP DG*

*Richard C.H. Marquette, Esq.*
Page 4

or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for each of the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

The defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of the plea of guilty, the defendant waives any rights or cause of action to claim that the defendant is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guidelines application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and

*Richard C.H. Marquette, Esq.*
*Page 5*

(2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guidelines Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

Counts One, Two, Five, and Six

The defendant's base offense level under U.S.S.G. § 2K2.1 is 20 as the offense involved a semiautomatic firearm capable of accepting a large capacity magazine. That level is increased by 2 levels because the offense involved between three and seven firearms per U.S.S.G. § 2K2.1(b)(1)(A). That level is increased by 5 additional levels per U.S.S.G. § 2K2.1(b)(5)(C) because the defendant received two or more firearms that he intended to use unlawfully. That level is increased by 4 additional levels per U.S.S.G § 2K2.1(b)(6). The resulting offense level is 31.

*Richard C.H. Marquette, Esq.*
Page 6

Counts Three and Seven

      The defendant's base offense level under U.S.S.G. § 2D1.1(c)(11) is 18 as the offense involved between 20 KG and 40 KG of converted drug weight. That level is increased by 2 additional levels per U.S.S.G. § 2D1.1(b)(1). The resulting offense level is 20.

Grouping and Resulting Range

      The counts are grouped together, and the resulting offense level is 31. *See* U.S.S.G. § 3D1.3(a). Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 28.

      Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

      A total offense level of 28, assuming placement in Criminal History Category I, would result in a Guidelines range of 78 to 97 months of imprisonment (sentencing table) and a fine range of $25,000 to $1,000,000. The defendant also is subject to a supervised release term of at least three years.

      The parties agree that a 90-month sentence is sufficient, but not greater than necessary, in accordance with 18 U.S.C. § 3553, and that a 90-month sentence is reasonable. Accordingly, neither party will seek a sentence other than 90 months. Moreover, neither party will seek a departure, nor any adjustment or other modification to the Guidelines range set forth herein. Nor will either party suggest that the Probation Department consider a departure, adjustment, or modification not set forth herein, or suggest that the Court on its own consider a departure, adjustment, or modification not identified above.

      The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

      In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Information to the Court

      The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the

United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the

*Richard C.H. Marquette, Esq.*
Page 8

statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 97 months of imprisonment, a lifetime term of supervised release, a $600 special assessment, a $1,000,000 fine, and any forfeiture even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the defendant will not challenge any condition of supervised release imposed by the Court for which he had notice and an opportunity to object. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea, or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

*Richard C.H. Marquette, Esq.*
Page 9

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights the defendant may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

*Richard C.H. Marquette, Esq.*
*Page 10*

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in a drug trafficking and firearm trafficking conspiracy which forms the basis of the indictment in this case. After sentencing, the Government will move to dismiss count three of the indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence. This provision does not apply to any conduct unknown to the Government at the time of the signing of this agreement.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

*Richard C.H. Marquette, Esq.*
*Page 11*

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

_____
JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____       8/29/2025
DIEGO EZEQUIEL GARRO                  Date
The Defendant

I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____       8/29/2025
RICHARD C.H. MARQUETTE, ESQ.          Date
Attorney for the Defendant

*Richard C.H. Marquette, Esq.*
*Page 12*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the indictment:

On the below dates, the defendant arranged for a straw purchaser to purchase for him no fewer than the following five firearms knowing that the firearms would be used, carried, or possessed in furtherance of a drug trafficking crime:

| Date | Firearm |
| --- | --- |
| December 30, 2022 | Glock model 43X semi-automatic pistol, Serial No. BYWV816 |
| January 3, 2023 | Glock model G19 Gen5 semi-automatic pistol, Serial No. BYMR008 |
| January 8, 2023 | Glock model 19 semi-automatic pistol, Serial No. BWRN048 |
| January 9, 2023 | Glock model 29 Gen4 semi-automatic pistol, Serial No. BXAV590<br><br>Glock model 30 Gen4 semi-automatic pistol, Serial No. BYGN937 |

The defendant exchanged narcotics, including cocaine and fentanyl, for these firearms, all of which traveled in interstate commerce.

On February 18, 2023, the defendant possessed with the intent to distribute both cocaine and fentanyl in West Haven, Connecticut. On the same date he also possessed in connection with those narcotics the Glock model G19 Gen5 semi-automatic pistol, Serial No. BYMR008 that the straw purchaser had purchased for him on January 3, 2023.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
DIEGO EZEQUIEL GARRO
The Defendant

_____
JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEY

_____
RICHARD C.H. MARQUETTE, ESQ.
Attorney for the Defendant